IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN DENTAL MANAGEMENT, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-1202 ) |
| MICHELE PHILLIPS, | ) ) ) |
| Defendant. | ) |

### ORDER OF COURT

AND NOW, this 10th day of July, 2023, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, (Docket Nos. 7, 16), IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED WITHOUT PREJUDICE, given the following: (1) the Motion fails to comply with Federal Rule of Civil Procedure 65(b)(1)(B) because it does not contain a certification in writing by Plaintiff's counsel detailing any efforts made to give notice to Defendant and the reasons why it should not be required;[1] and (2) the Motion further fails to

---

[1] The Court is authorized to issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). Based on the present record, the Court is unclear what, if any, efforts Plaintiff's counsel made to provide Defendant with notice as required by Rule 65(b)(1), nor has Plaintiff's counsel articulated any reasons why notice should not be required. Initially, the Court notes that there is nothing in the record indicating that Plaintiff has been served with the Verified Amended Complaint filed on July 8, 2023. (Docket No. 6). Furthermore, the Certificate of Service attached to the Motion for Temporary Restraining Order and Preliminary Injunction states that "a true and correct copy of the foregoing was served via email on the 9th day of July, 2023 and attempted to be served via personal service on the 10th day of July, 2023, to the following: Michele Phillips 6573 Pocklington Road Britton, MI 49229." (Docket No. 16 at 4). This Certificate of Service is insufficient to comply with Rule 65(b)(1) because: (1) it does not specify the email address where the Verified Amended Complaint supposedly was sent, the email communication associated with same is not included as an exhibit to Plaintiff's filings, and there is no indication whether Defendant received the email, such as by a response acknowledging receipt of same; and (2) it only states that personal service was attempted (without describing how such attempt was made), and not that it was effectuated.

1

comply with ¶ II.F of the undersigned's Practices and Procedures addressing injunctions and temporary restraining orders (available at https://www.pawd.uscourts.gov/sites/pawd/files/Practices_Procedures_Judge_Hardy_10_21.pdf) in the following respects:

- The Court is unable to satisfy itself on the present record that Plaintiff made serious efforts to contact Defendant and provide her with the Motion prior to seeking relief in the form of a temporary restraining order. This is contrary to ¶ II.F of the undersigned's Practices and Procedures requiring that "[a] party seeking an injunction or temporary restraining order must demonstrate having made serious efforts to contact the opposing party or its counsel prior to seeking relief, which must be supported by affidavit in accordance with Fed. R. Civ. P. 65(b)." Consequently, as set forth in ¶ II.F, "the Court will not hold a hearing on the matter or issue a temporary restraining order."

- Plaintiff has failed to attach to its Motion proposed findings of fact and conclusions of law. *See* ¶ II.F ("Both motions and responses must attach proposed findings of fact and conclusions of law.").

To the extent Plaintiff elects to pursue its request for a temporary restraining order and injunctive relief, any future filings shall correct the deficiencies identified herein and otherwise comply with Federal Rule of Civil Procedure 65(b) and ¶ II.F of the undersigned's Practices and Procedures.

In view of the fact that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied without prejudice, IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite Discovery, (Docket Nos. 9, 15), Motion for Order of Court Directing Preservation of Documents, Electronically Stored Information and Things, (Docket No. 10), and Motion for an Expedited Hearing, (Docket No. 11), are DENIED AS MOOT WITHOUT PREJUDICE.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record