# EXHIBIT 2

**Sean Casey**

| | |
|---|---|
| **From:** | Christian Antkowiak <christian.antkowiak@bipc.com> |
| **Sent:** | Wednesday, July 26, 2023 4:34 PM |
| **To:** | Sean Casey; Erin J. McLaughlin |
| **Cc:** | Nicholas J. Bell; Brianna L. Schmid; Erin J. McLaughlin |
| **Subject:** | RE: NADM v. Phillips |

Sean – we may have to agree to disagree on the necessity of discovery and other issues related to the TRO. Moreover, we don't think you can unilaterally choose to provide us with untimely discovery responses, citing the fact that "exigencies represented in the Motion and ex parte hearing are no longer an issue." That is your opinion and we hold a different view. Separately, we are willing to work with you on the deposition date/time, but we're going to need to reach an agreement on a variety of issues. Let's try and schedule a time for tomorrow. What is your availability?

**Christian Antkowiak**
**Shareholder and Co-Chair, Labor**
**Employment Benefits & Immigration Section**

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
412 562 3988 (o)
412 680 8371 (c)
christian.antkowiak@bipc.com

# Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

1

**From:** Sean Casey <sean@caseylegal.com>
**Sent:** Wednesday, July 26, 2023 12:36 PM
**To:** Erin J. McLaughlin <erin.mclaughlin@bipc.com>
**Cc:** Christian Antkowiak <christian.antkowiak@bipc.com>; Nicholas J. Bell <nicholas.bell@bipc.com>; Brianna L. Schmid <brianna.schmid@bipc.com>; Erin J. McLaughlin <erin.mclaughlin@bipc.com>
**Subject:** Re: NADM v. Phillips


Hello Erin,

I am typing this on my phone, so I'll keep this brief and provide something more detailed a bit later today if necessary.

The thumb drive is in my possession and being picked up at 1:00 PM by JET messenger service. You should have it shortly thereafter. The responses to your discovery similarly will be completed this afternoon. Had either of you responded to my inquiry last Wednesday or Monday about setting up a time to talk about the case and discuss the report ordered in the TRO, that would have been made clear in that conversation. Again, you will have it this afternoon.

I never inferred that the client was not complying with the TRO, quite to the contrary. Her termination is clearly what was being sought, and now you have it. Therefore, the exigencies represented in the Motion and ex parte hearing are no longer an issue. The client will be submitting an affidavit to that affect.

Finally, Friday was not a "mutually agreed upon" time and date, and I am not available. Nor is it possible for the client, who is in Michigan and now dealing with a mother in hospice care.

I would suggest a conversation today at 3:00 PM if you are available. If not let's look at something tomorrow. I think a status conference with the Judge would be completely appropriate given my post hearing appearance and the updates in the case.

Regards,

Sean

Get Outlook for iOS

---

**From:** Erin J. McLaughlin <erin.mclaughlin@bipc.com>
**Sent:** Wednesday, July 26, 2023 11:59:12 AM
**To:** Sean Casey <sean@caseylegal.com>
**Cc:** Christian Antkowiak <christian.antkowiak@bipc.com>; Nicholas J. Bell <nicholas.bell@bipc.com>; Brianna L. Schmid <brianna.schmid@bipc.com>; Erin J. McLaughlin <erin.mclaughlin@bipc.com>
**Subject:** FW: NADM v. Phillips


Sean,

It appears that, like the contractual obligations she owes to NADM, your client does not believe that she need to comply with Court orders. As you are aware, on July 14, 2023, the Court entered an order directing your client to respond to expedited discovery within 10 days, making her responses due July 24, 2023. In addition, your client was directed to immediately return any NADM documents in her possession and, despite conceding that she took documents on a USB, has not yet returned the USB.

Even more concerning is the inference from your email below that suggests that your client did not even apprise her new employer, P1, that she was subject to a TRO that prohibited her from working for them and that she continued working for them even after the TRO was entered. In fact, with the exception of the extension that we granted your client to serve her discovery requests, it appears that your client has not complied with the TRO at all.

Given your client's conduct to date, the fact that we have not had the opportunity to analyze the removable storage device that your client used to abscond with NADM's confidential information and trade secrets and don't yet fully know the extent of the misappropriation, we completely disagree with your conclusion that there is no need for expedited discovery or a preliminary injunction. If we do not receive complete responses to our discovery requests by 5:00 p.m. today, we will file a motion to hold your client in contempt. Furthermore, we intend to apprise the court as part of the status update of your client's noncompliance, given that we cannot possibly begin to evaluate whether a resolution can be reached since we have received no information from your client. I intend to proceed with the deposition on Friday and will hold it open given the delay in the discovery responses.

In terms of ADR, I will recommend mediation to my client if your client agrees to extend the TRO to allow for mediation. Please let me know if you would like to discuss.

Erin

**Erin McLaughlin**

**Shareholder**

Union Trust Building

501 Grant Street, Suite 200

Pittsburgh, PA 15219-4413

412 392 2090 (o)

412 860 0417 (c)

412 392 2140 (Ellen Hagan)

erin.mclaughlin@bipc.com

vCard | Bio | BIPC.com | Twitter | LinkedIn

**Buchanan Ingersoll & Rooney** PC

**From:** Sean Casey <sean@caseylegal.com>
**Sent:** Monday, July 24, 2023 4:36 PM
**To:** Erin J. McLaughlin <erin.mclaughlin@bipc.com>; Christian Antkowiak <christian.antkowiak@bipc.com>
**Subject:** NADM v. Phillips

Good afternoon,

So I want to cover a few items in this case.

First, In the event you have not already been told, my client was terminated from her position with P1. This was done in response to your cease and desist letter. That would seem to eliminate some of the issue which necessitated the ex parte hearing on the TRO and the pending preliminary injunction. Most notably, the expedited discovery.

Second, we are working on the discovery requests. I should have that drive by tomorrow morning. We should have answers to interrogatories done by tomorrow as well. The Requests for Production are another issue. Some are clearly overbroad. More importantly, harvesting the required documents in the appropriate form will take some additional time. We have identified a company in a nearby town that should be able to handle the retrieval. But it's going to take another day or two.

Finally, per the Order of July 14, 2023, we need to submit a Joint Status Report and ADR stipulation by Wednesday, so I would like schedule a time for that to take place. I am available anytime tomorrow between 10:30 AM and 5:00 PM. I can also meet Wednesday morning between 9:00 AM and 12:30 PM. Let me know what works for you?

Regards,

Sean A. Casey, Esquire (he, him, his)

First & Market Building

100 First Avenue, Suite 1010

Pittsburgh, PA 15222

Office # 412-201-9090

Fax # 412-281-8481

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.

CONFIDENTIAL/PRIVILEGED INFORMATION: This e-mail message (including any attachments) is a private communication sent by a law firm and may contain confidential, legally privileged or protected information meant solely for the intended recipient. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is prohibited and may be unlawful. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system.